**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

KELLY MEENAGH,

Plaintiff,

v.

BANK OF AMERICA CORPORATION, BANC OF AMERICA LEASING & CAPITAL, LLC and FLEET FINANCIAL CORPORATION,

Defendants.

CIVIL ACTION NO.: 05 266 ML

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Bank of America Corporation, Banc of America Leasing & Capital, LLC and FleetBoston Financial Corporation, (incorrectly identified in the Complaint as "Fleet Financial Corporation") by and through their undersigned counsel answer Plaintiff's Complaint as follows:

1. Defendants admit that Plaintiff, Kelly Meenagh, is a current employee of Defendants Banc of America Leasing & Capital, LLC. Defendants lack knowledge to admit or deny the remaining allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3. Defendants admit that Banc of America Leasing & Capital, LLC is a Delaware limited liability company with its principal place of business in San Francisco and is qualified to do business in Rhode Island. Defendants admit that Banc of America Leasing & Capital, LLC employs Kelly Meenagh and conducts business within the state of Rhode Island.

4. Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5. To the extent that the allegations in Plaintiff's Complaint constitute a claim under the Employee Retirement Income Security Act, Defendants admit that the United States District Court for the District of Rhode Island has jurisdiction over this matter.

4

6. Defendants lack knowledge sufficient to admit or deny the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit that on or about December 19, 2003 Ingenix Subrogation Services sent a letter to Attorney Anthony Cottone regarding a subrogation claim involving Kelly Meenagh. The text of the letter attached to Plaintiff's Complaint speaks for itself. Except as specifically admitted above, Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit that in or about March of 2004, United Healthcare Insurance Company sent correspondence to Kelly Meenagh informing her that if she had medical coverage under automobile insurance, the charges should be submitted to that carrier first for primary payment because the group health plan was secondary to automobile coverage. Except as specifically admitted above, Defendants lack knowledge to admit or deny the remaining allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendants deny the allegation set forth in Paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

WHEREFORE, Defendants demand judgment upon Plaintiff's Complaint together with attorneys' fees and costs. To the extent that Plaintiff's prayer for relief contains any factual allegations, Defendants deny each and every one of them. Defendants specifically deny that Plaintiff is entitled to any of the relief she requests.

**DEFENSES**

**FIRST DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred on the grounds that Plaintiff, by her conduct and actions, has waived any and all rights she may have had against Defendants and, therefore, Plaintiff cannot recover in this action.

**THIRD DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust her administrative remedies.

**FOURTH DEFENSE**

Plaintiff is barred from recovery by the Doctrine of Laches.

**FIFTH DEFENSE**

Defendants acted reasonably and were neither arbitrary nor capricious in their actions.

**SIXTH DEFENSE**

Defendants discharged their duties within their discretion and in accordance with the governing documents and instruments governing the plan.

**SEVENTH DEFENSE**

Plaintiff's claims and remedies are limited by ERISA, 29 U.S.C. § 101 et seq., and she is not entitled to a trial by jury, and any other causes of action she alleges are preempted by ERISA.

**EIGHTH DEFENSE**

All rights and obligations of the parties are governed solely by the governing plan.

**NINTH DEFENSE**

All decisions concerning Plaintiff's claims were made in accordance with the governing plan.

**TENTH DEFENSE**

Plaintiff's claims for damages are barred to the extent she is unable to establish harm caused by Defendants' alleged actions.

**ELEVENTH DEFENSE**

Plaintiff's demand for attorney's fees and costs should not be granted because Plaintiff cannot satisfy the requirements for awarding such damages.

**TWELVTH DEFENSE**

Plaintiff has failed to mitigate her damages.

**THIRTEENTH DEFENSE**

The Complaint should be dismissed for misnomer.

BANK OF AMERICA CORPORATION,
BANC OF AMERICA LEASING & CAPITAL LLC,
and FLEET FINANCIAL CORPORATION

By its attorneys,

Gary W. Flanagan, Esquire
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(888) 325-9040 (fax)

Dated: August 5, 2005

**CERTIFICATION**

I hereby certify that a copy of the foregoing was served by U.S. Mail, First Class and postage prepaid and by facsimile this 5th day of August 2005, to:

Jeffrey A. Mega, Esquire
Wistow & Barylick, Incorporated
61 Weybosset Street
Providence, RI 02903

Gary W. Flanagan, Esq.